IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20977
Conference Calendar
_____


TEDDY ROBINSON,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; WAYNE SCOTT, Director,
Texas Department of Criminal Justice;
FRANK HOKE; JOHN DOES, Various,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-2261
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Teddy Robinson, Texas state prisoner #506648, appeals from a dismissal of his civil rights complaint as frivolous. Robinson alleges that his constitutional right of access to the courts was denied by the defendants' failure to timely procure a copy of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which he argues resulted in the dismissal of his 28 U.S.C. §2254 petition as time-barred.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robinson was granted a COA to appeal that judgment on the question whether the prison library's failure to timely obtain the AEDPA was a state-created impediment. That appeal is pending. Robinson v. Johnson, No. 00-10011.

An inmate alleging denial of access to the courts must demonstrate a "relevant actual injury" stemming from the defendants' unconstitutional conduct. Lewis v. Casey, 518 U.S. 343, 351 (1996). A prisoner lacks standing to bring a claim where he cannot establish "relevant actual injury." See id. at 349-351.

To the extent that Robinson is asking us to review the judgment of the district court dismissing his habeas petition as time-barred, he cannot do so via his 42 U.S.C. § 1983 suit. To the extent that he seeks damages for loss of his right to pursue his federal habeas action, he lacks standing because this court has yet to rule on the merits of that appeal. We therefore affirm the dismissal of his complaint.

AFFIRMED.